

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:15CR107

JULIUS RIPLEY,

    Petitioner.

## MEMORANDUM OPINION

Julius Ripley, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 28).[1] Ripley demands relief upon the following grounds:

| | |
|---|---|
| Claim One: | "Petitioner was denied the right to appeal his conviction under due process of law." (§ 2255 Mot. 4.) |
| Claim Two: | "Petitioner had ineffective assistance of counsel when his attorney failed to file an appeal." (*Id.*) |
| Claim Three: | "Petitioner was denied the right to challenge the sufficiency of the evidence that led to his conviction." (*Id.*) |
| Claim Four: | "Petitioner had ineffective assistance of counsel when his trial counsel failed to file pre-trial motions to examine and challenge the sufficiency of the evidence presented by the Government." (*Id.* at 5, 7.) |
| Claim Five | Petitioner's conviction for robbery should be set aside because his robbery did not affect interstate commerce. (*Id.* at 7–8.) |
| Claim Seven | "The United States Government did not have jurisdiction to try this case. Petitioner had committed a local crime in which it did not fit the criteria for a federal crime." (*Id.* at 9.) |

---

[1] The Court employs the pagination assigned to Ripley's submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Ripley's submissions. The Court notes that Ripley omitted a Claim Six and skipped to Claim Seven.

For the reasons set forth below, Ripley's § 2255 Motion (ECF No. 28) will be DENIED.

## I. PROCEDURAL HISTORY

On June 2, 2015, a grand jury charged Ripley with the Hobbs Act robbery of an Adcomm Store (Count One) and the Hobbs Act robbery of a Wireless Zone store (Count Two). (Indictment 1–2, ECF No. 1.) On April 13, 2016, Ripley entered into a plea agreement, wherein he agreed to plead guilty to Count One. (Plea Agreement ¶ 1, ECF No. 13.) In his Plea Agreement, Ripley waived the right to appeal his conviction or "any sentence within the statutory maximum . . . (or the manner in which that sentence was determined)." (*Id.* ¶ 6.) In the accompanying Statement of Facts, Ripley agreed, that the following facts were true and correct and the United States could have proven each beyond a reasonable doubt had the matter gone to trial:

> 1. On or about February 1, 2015, in the Eastern District of Virginia, JULIUS RIPLEY did knowingly and unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles in commodities in such commerce, by knowingly and willfully committing robbery, as that term is defined in Title 18, United State Code, Section 1951(b)(1).
> 2. On or about February 1, 2015, RIPLEY robbed the Adcomm store (Sprint) located at 1160 Temple Avenue, Colonial Heights, Virginia. RIPLEY entered the business at approximately 2:42 p.m., carrying a Wal-Mart bag (which contained a large plastic trash bag). RILEY produced a small, semi-automatic handgun and demanded the female employees "R.T.", and "C.H.", give him cell phones from the locked inventory cabinet. RIPLEY then demanded the United States currency from the cash register. RIPLEY then had "R.T.", and "C.H." remove their clothing, and ordered them at gunpoint into the bathroom. RIPLEY placed the stolen phones into a Sprint store trashcan, exited the back door, placed the trashcan into a vehicle that had pulled up, got into the vehicle himself, and RILEY and the driver of the vehicle fled the area. RIPLEY obtained $39,912.00 worth of phones/tablets from the robbery, and $ 140.00 in cash.
> 3. At all relevant times, the identified Adcomm store traded in goods obtained through, and sold in, interstate commerce, and the robbery therefore unlawfully obstructed, delayed and affected, interstate commerce.
> 4. On or about March 2, 2015, in the Eastern District of Virginia, JULIUS RIPLEY did knowingly and unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles in commodities in such commerce, by knowingly and willfully committing robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1).

2

> 5. On or about March 2, 2015, RIPLEY robbed the Wireless Zone store (Verizon) located at 5107 Atlee Road, Mechanicsville, Virginia. RIPLEY entered the business, at approximately 6:45 p.m. RIPLEY walked up to Verizon store female employees, "F.S.B." and "M.N.", and produced a small semi-automatic handgun. RIPLEY then demanded "F.S.B." give him the cell phones from the store's inventory cabinet. RIPLEY gave "F.S.B." a large black plastic trash bag that RIPLEY had brought with him. RIPLEY then had "F.S.B." and "M.N." remove their clothing and ordered them at gunpoint into the back room of the store. RIPLEY then exited the store in an unknown direction. RIPLEY obtained approximately $8,950.00 worth of phones/tablets from the robbery
> 6. At all relevant times, the identified Wireless Zone store traded in goods obtained through, and sold in, interstate commerce, and the robbery therefore unlawfully obstructed, delayed and affected, interstate commerce.

(Statement of Facts ¶¶ 1–6, ECF No. 14.)

On July 29, 2016, the Court sentenced Ripley to 188 months of imprisonment on Count One. (J. 2, ECF No. 25.) The Court ordered that this sentence should run concurrently with the state sentence identified in paragraph 75 of the Presentence Report. (*Id.*) Paragraph 75 of the Presentence Report reflects that Ripley received an active sentence of 13 years and six months for robbery and use of firearm in the commission of a felony by the Circuit Court for the City of Richmond on June 19, 2015. (ECF No. 17 ¶ 75.)

## II. ANALYSIS

The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claims Three, Five, and Seven are barred from review here because Ripley could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). Nevertheless, as discussed below, these claims clearly lack merit.

3

A.     Lack of an Appeal—Claims One and Two

In Claims One and Two, Ripley complains that he was denied his right to appeal and his attorney was deficient for discouraging him from pursuing an appeal. First, the record demonstrates that Ripley waived his right to pursue an appeal challenging his conviction and sentence. Second, the affidavit of Ripley's counsel, Carolyn V. Grady, reflects that counsel performed competently by discouraging Ripley from pursuing an appeal. ("Grady Affidavit," ECF No. 36.) Grady states that she and Ripley

> discussed his right to appeal the sentence and the paragraph in the plea agreement that included the appeal waiver. After the sentencing hearing, since he received the concurrent sentence with his state sentence, we discussed that there was no need to appeal as it could not get any better than this outcome. Thereafter, I advised Mr. Ripley that he should not appeal his sentence and Mr. Ripley agreed with my advice as he never asked me to file a notice of appeal in his case. As alleged in Ground One, I might have told Mr. Ripley "it will not do you any good" as his sentencing could not get any better than a concurrent sentence to his state sentence.

(*Id.* ¶ 5.)

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

4

assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the *Strickland* test applies to claims, like Ripley's, that counsel was constitutionally ineffective for failing to file a notice of appeal. *Id.* at 477. With respect to *Strickland*'s first prong, the Court noted that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," but that "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* Here, counsel consulted with Ripley about filing an appeal, accurately informed Ripley that he was unlikely to receive any better outcome by filing an appeal, and followed Ripley's instruction not to file an appeal. Ripley therefore fails to demonstrate any deficiency on the part of counsel. Accordingly, as Claims One and Two lack merit, they will be DISMISSED.

### B. Remaining Claims

In Claim Three, Ripley complains that he was denied the right to challenge the sufficiency of evidence. This claim lacks merit as the record reflects that Ripley waived his right to challenge the sufficiency of the evidence by his knowing, voluntary, and intelligent guilty plea. Accordingly, Claim Three will be DISMISSED.

In Claim Four, Ripley contends he was denied effective assistance of counsel "when his trial counsel failed to file pre-trial motions to examine and challenge the sufficiency of the evidence presented by the government." (*Id.* at 5, 7.) As noted above, Ripley does not enjoy a right to challenge the sufficiency of the evidence by a pretrial motion. Further, Ms. Grady notes that:

5

> After I was appointed to represent Mr. Ripley, the United States provided me with the discovery, including documents and photographs outlining the allegations contained in the indictment. Mr. Ripley and I met a number of times and we reviewed all of the discovery provided by the government. I found no grounds to file any pre-trial motions relating to the discovery.

(Grady Aff. ¶ 4.) As Ripley has not demonstrated deficiency or prejudice, Claim Four will be DISMISSED.

In Claim Five, Ripley complains that his crime of robbing a store of cellphones did not affect interstate commerce because he did not transport the stolen cell phones across state lines. (§ 2255 Mot. 8.) Relatedly, in Claim Seven, Ripley contends that "[t]he United States did not have jurisdiction to try this case. Petitioner had committed a <u>local</u> <u>crime</u> in which it did not fit the criteria for a federal crime." (§ 2255 Mot. 9.) Ripley is wrong. *United States v. Williams*, 342 F.3d 350, 354–55 (4th Cir. 2003) ("Commerce is sufficiently affected under the Hobbs Act where a robbery depletes the assets of a business that is engaged in interstate commerce." (quoting *United States v. Buffey*, 899 F.2d 1402, 1404 (4th Cir. 1990))). Moreover, Ripley admitted in his statement of facts that his robbery affected interstate commerce. Accordingly, Claim Five and Seven will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Ripley's § 2255 Motion (ECF No. 28) will be DENIED. Ripley's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will issue.

Date: 29 October 2019
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

6